UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                                                                  Chapter 7

Harold Adamo, Jr.,                                                             Case No. 814-73640-845

        Debtor.
-----------------------------------------------------------X
Marc A. Pergament, Chapter 7 Trustee of the                      Adv. Proc. No. 816-08122-cec
Estate of Harold Adamo, Jr.,

                    Plaintiff,

   - against -

Hofstra University,

                    Defendant.
-----------------------------------------------------------X
Marc A. Pergament, Chapter 7 Trustee of the                      Adv. Proc. No. 816-08123-cec
Estate of Harold Adamo, Jr.,

                    Plaintiff,
   - against -

Fairfield University,

                    Defendant.
-----------------------------------------------------------X

**DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ON REMAND AND DISMISSING ADVERSARY PROCEEDING**

      Upon the motions for summary judgment on remand under Rule 56 of the Federal Rules of Civil Procedure (the "Remand Summary Judgment Motions") filed by Defendant Hofstra University ("Hofstra") and Defendant Fairfield University ("Fairfield" and, together with Hofstra, the "Defendants") seeking summary judgment in the above-captioned adversary proceedings; and it appearing that the Court has jurisdiction to consider the Motions and the relief requested therein; and it appearing that notice of the Motions was good and sufficient upon the particular

1

circumstances and that no other or further notice need be given; and the Court having considered the Motions and any responses thereto; and upon the full record of the hearing held before this Court on October 30, 2019; and it further appearing that the legal and factual bases set forth in the Summary Remand Motions establish just cause for the relief granted herein; and after due deliberation thereon;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[1]

### I.    The Adversary Proceedings

A.    On August 17, 2016, Marc A. Pergament (the "Trustee"), Chapter 7 Trustee of the Estate of Harold Adamo, Jr., filed a complaint against Hofstra seeking to recover certain transfers made by Harold Adamo, Jr. (the "Debtor"), commencing Adv. Pro. No. 16-8122-CEC (the "Hofstra Adversary Proceeding").

B.    On August 17, 2016, the Trustee filed a complaint against Fairfield seeking to recover certain transfers made by the Debtor, commencing Adv. Pro. No. 16-8123-CEC (the "Fairfield Adversary Proceeding" and, together with the Hofstra Adversary Proceeding, the "Adversary Proceedings").

C.    In the Adversary Proceedings the Trustee sought to recover certain payments made by the Debtor on account of his children's school tuition and related expenses (the "Tuition Payments").

D.    On November 14, 2016, Defendants each filed an Answer denying the allegations made by the Plaintiff and asserting several affirmative defenses.

E.    On or about August 11, 2017, the Trustee and the Defendants filed motions for

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. *See* Fed. R. Bankr. P. 7052

2

summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

F. On March 28, 2018, this Court issued its *Decision Denying Trustee's Motions for Summary Judgment and Granting Defendants' Motion for Summary Judgment* ("Summary Judgment Decision I").

G. In Summary Judgment Decision I this Court determined that Defendants were not initial transferees of the Tuition Payments under 11 U.S.C. §550(a), but were subsequent transferees that took the transfers in good faith from the Debtor's children and were entitled to the protections of §550(b) and dismissed the Complaint for that reason.

**II.     Appeal to the U.S. District Court for the Eastern District of New York**

H. On April 5, 2018, the Trustee filed a Notice of Appeal in each of the Hofstra Adversary Proceeding and the Fairfield Adversary Proceeding, with the appeals being consolidated under one (1) proceeding.

I. As Trustee did not contest that Defendants took the Tuition Payments in good faith, the sole question on appeal was whether Defendants were initial transferees or subsequent transferees of the Tuition Payments for purposes of Section 550 of the Bankruptcy Code.

J. On November 27, 2018, the United States District Court for the Eastern District of New York (Ross, U.S.D.J.) ("District Court") issued an *Opinion & Order*, inter alia, finding that the Defendants were the initial transferees of those Tuition Payments made at a time when they were non-refundable and that the Defendants were the subsequent transferees of those Tuition Payments made at a time when they were refundable.

K. On December 11, 2018, Defendants moved pursuant to Rule 8022 of the Federal Rules of Bankruptcy Procedure for rehearing of the Opinion & Order.

L. On January 4, 2019, in response to the motion for rehearing, the District Court issued

an Amended Opinion & Order [Case No. 18-02204, Docket No. 20], which superseded the Opinion and Order.

M. In the Amended Opinion & Order the District Court held that Tuition Payments received by Defendants after the deadline for the Debtors' children to withdraw and receive a refund, whether in full or in part, had passed were non-refundable tuition payments ("Non-Refundable Tuition Payments").

N. In the Amended Opinion & Order the District Court also held that Tuition Payments received by Defendants before the deadline for the Debtors' children to withdraw and receive a refund, whether in full or in part, had passed were refundable tuition payments ("Refundable Tuition Payments"). The District Court therefore held that the Debtor's children were the initial transferees of the Refundable Tuition Payments because they continued to exercise dominion and control over the Refundable Tuition Payments as they could still withdraw and receive a refund, and that Defendants were the subsequent transferees of such Refundable Tuition Payments.

O. The District Court vacated Summary Judgment Decision I and remanded the Adversary Proceedings for further proceedings consistent with the Amended Opinion & Order.

### III. Remand Summary Judgment Motions

P. Following the remand of these Adversary Proceedings, in accordance with the Amended Opinion and Order, the Trustee and the Defendants conducted discovery with respect to the amount of Tuition Payments properly classified as Refundable under the Amended Opinion and Order and the amount of the Tuition Payments classified as Non-Refundable.

Q. Discovery established, and Plaintiff and Hofstra agree, that $132,544.38 of the Tuition Payments were Refundable Tuition Payments and $5,029.62 were Non-Refundable Tuition Payments, as set forth on **Exhibit A** annexed hereto.

R. Discovery established, and Plaintiff and Fairfield agree, that $137,340.00 of the Tuition Payments were Refundable Tuition Payments and $600.00 were Non-Refundable Tuition Payments, as set forth on **Exhibit B** annexed hereto

S. On June 28, 2019, Defendants filed the Remand Summary Judgment Motions.

T. On August 29, 2019, Plaintiff filed his opposition to the Remand Summary Judgment Motions.

U. On October 15, 2019, Defendants filed their replies in further support of the Remand Summary Judgment Motions.

V. On October 30, 2019, this Court conducted oral argument with respect to the Remand Summary Judgment Motions.

W. This Court must follow the decision and instructions of the District Court as to whether or not the Defendants were the initial transferees of the Non-Refundable Tuition Payments and Refundable Tuition Payments.

X. During oral argument on October 30, 2019, this Court indicated that it would issue an order granting summary judgment and dismissing all claims in the Complaints based on Refundable Tuition Payments as defined in the Amended Opinion & Order ("Refundable Claims"), and denying summary judgment with respect to all claims in the Complaint to the extent such claims seek avoidance of recovery of Non-Refundable Tuition Payments ("Non-Refundable Claims") and schedule a trial with respect thereto.

Y. To avoid the cost and uncertainty of a trial concerning the Non-Refundable Claims Hofstra and Fairfield each entered into stipulations resolving the Trustee's claims seeking to recover non-refundable tuition payments with the Trustee (the "Stipulations") pursuant to which the Non-Refundable Claims with respect to the Tuition Payments were resolved, subject to this

Court's approval. Upon agreement of the Parties, and as set forth in the Stipulations, should any appellate court reverse, modify, remand, or vacate this Order, neither the Stipulations nor this Order shall preclude either Party from asserting any claim or defense previously asserted in their respective pleadings, other than the issues determined by paragraphs 1-4 of this Order, below, and the parties agreed in the Stipulations not to plead, argue, or otherwise raise any defenses under the theories of res judicata, collateral estoppel, law of the case or similar theories with respect to such issues not determined by this Order.

Z. On March 23, 2020, this Court ~~entered~~ *__issued (CEC)__* Orders approving the Stipulations and the Trustee's complaints against Hofstra and Fairfield are therefore deemed amended to exclude the Non-Refundable Claims.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. In accordance with the District Court's Amended Opinion & Order, the Defendants' Remand Summary Judgment Motions are granted as set forth herein.

2. One of the Debtors' children was the initial transferee of each of the Refundable Tuition Payments for purposes of Section 550(b) of the Bankruptcy Code because the Debtor made the Refundable Tuition Payments before the deadline for the Debtor's children to withdraw from school and receive a refund, whether in full or in part, had passed.

3. Defendants were the subsequent transferees of the Refundable Tuition Payments for purposes of Section 550(b) of the Bankruptcy Code because Defendants did not have dominion and control over the Refundable Tuition Payments until the Debtor's children no longer had any legal right to a refund.

4. As Defendants' good faith is not in dispute, the Trustee may not recover from the Defendants the Refundable Tuition Payments as such payments were taken for value and without

knowledge of the voidability of such transfers for purposes of Section 550(b)(1).

    5.    The Adversary Proceedings are dismissed.



**Dated: Brooklyn, New York**  
**May 19, 2020**

                      **Carla E. Craig**  
            **United States Bankruptcy Judge**